# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2187

———————

United States of America,

        Appellee,

v.

Jemere Lamarr Frazier,

        Appellant.

 

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

———————

Submitted: February 9, 2009
Filed: March 26, 2009

———————

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

———————

PER CURIAM.

On its own motion, the district court[1] ruled that it could not reduce Jemere Frazier's sentence under 18 U.S.C. § 3582(c)(2) to reflect the crack cocaine amendments to the U.S. Sentencing Guidelines. The district court found it lacked authority to reduce Frazier's sentence because it had sentenced Frazier pursuant to the terms of a court-approved Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Frazier filed a timely notice of appeal.

———————————————

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

On appeal, Frazier argues that his Rule 11(c)(1)(C) plea agreement does not prohibit a sentence reduction pursuant to § 3582(c)(2). Our decision today in <u>United States v. Scurlark</u>, No. 08–2404, is dispositive on this issue. <u>Scurlark</u> affirms that courts are bound by the sentencing terms of court-approved Rule 11(c)(1)(C) plea agreements and that courts have no authority under § 3582(c)(2) to alter those terms based on subsequent changes to the U.S. Sentencing Guidelines. Thus, the district court properly concluded it had no authority to reduce Frazier's sentence, and we affirm the district court's judgment.

_____